## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Crown Enterprises, Inc.,**
**Defendant and Third-Party Plaintiff Below,**
**Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1113** (Raleigh County 03-C-999)

**E.L.C.M., LLC (f/k/a North American Land, LLC),**
**Third-Party Defendant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Crown Enterprises, Inc., by counsel John D. Wooton, appeals the order of the Circuit Court of Raleigh County entered August 14, 2012, entering judgment in favor of respondent in the amount of $75,000, following a bench trial. Respondent E.L.C.M., LLC (f/k/a North American Land, LLC), by counsel A. David Abrams Jr., filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

### FACTUAL AND PROCEDURAL HISTORY[1]

On October 11, 2002, Crown Enterprises, Inc., petitioner herein, entered into a contract wherein it agreed to buy a certain tract of land from E.L.C.M., LLC (f/k/a North American Land, LLC), respondent herein, for the construction of a truck terminal in the Beckley, West Virginia, area. The contract was for the purchase of the realty alone. The contract was supplemented on that same date by an amendment that required that respondent perform certain improvements to the site, including excavating and sloping the property, installing perimeter ditching for a drainage system, and hydro seeding the land. Pursuant to the contract, respondent conveyed to

---

[1]This litigation began with the filing of an action by Worley Management, Inc., against Crown Enterprises, Inc., petitioner herein; Lang Brothers, Inc.; First Century Bank, N.A.; and the Sheriff of Raleigh County. That lawsuit was settled before trial. Additional pleadings, involving multiple parties, were filed in the wake of this action. The relevant part of the proceedings for purposes of this appeal arose with the filing of a third-party complaint by petitioner against respondent. Respondent filed an answer and a counterclaim seeking the $75,000 it claims to have been owed under the contract at issue in this case.

1

petitioner a tract of land containing 14.51 acres, more or less, by deed dated December 19, 2002. The contract called for consideration in the amount of $900,000 for the land, and $750,000 for improvements.[2]

As discussed below, the larger area of land is of importance to this dispute. That larger area consists of 33 total acres – that area includes the 14.51 acres deeded by respondent to petitioner (the Crown site) and includes property retained by respondent after the conveyance (the North American site).

On March 12, 2003, respondent contracted with Lang Brothers, Inc., (Lang) to perform respondent's excavation and site grading requirements under the contract with petitioner. By prior contract dated January 13, 2003, petitioner contracted with Worley Management, Inc. (Worley) on a design/build basis to construct the truck terminal on the Crown site. Worley subcontracted with Lang to carry out its portion of the site excavation and grading obligations under its contract with petitioner. As a result, Lang was carrying out excavation of material on the Crown site for both petitioner, as subcontractor under the Worley/Crown contract, and directly as contractor for respondent.

When the work commenced, all parties anticipated that a portion of the material excavated under the subcontract between Worley and Lang, and all the material excavated from the Crown site under the contract between respondent and Lang, would be moved from the Crown site to the North American site because it was excess material that could not be used or stored on the Crown site. The material was to be moved a short distance from the Crown site to the North American site, which was adjacent. Without the ability to dispose of the excess material on the North American site, Crown would have had to pay additional sums for the right to dispose of the excess material elsewhere. Under the site plan, fill from the Crown property would be pushed downhill to the North American site. North American also benefitted from this arrangement because it was receiving fill onto its land.

While the site was under construction, federal regulations changed so that long-distance truckers were allowed to drive a longer distance and for more hours during their work day. Accordingly, petitioner decided that the truck terminal was no longer needed. On or about April 1, 2003, petitioner gave notice to its contractor, Worley, that it was stopping the project. Significantly, petitioner gave no cease work order to respondent.

Shortly after petitioner's cease work order to Worley, Lang continued to perform work for Worley to close up the site and to protect it from erosion once the project was closed down. Lang also continued to perform work on the site in fulfillment of its contract with petitioner.

Respondent complied in full with the requirements of the contract with the exception of

---

[2]The contract between the parties called for an escrow of $200,000 to be withheld for the work to be completed on the land. The parties later increased that amount to $300,000 at closing. By check dated June 18, 2003, petitioner paid respondent all but the $75,000 that is at issue in this case.

the contractual requirement to slope all banks at a 2:1 ratio. Nevertheless, the circuit court found that petitioner agreed to the amendment of the contract by approving the final site plan prepared by Jones & Jordan, which plan provided for slopes greater than 2:1, to meet petitioner's need for more usable surface than was originally contemplated. The approved site plan called for certain bank areas to be sloped at a much steeper angle than a 2:1 ratio. The site plan sought to maximize the surface area available for the truck terminal. Respondent complied with the site plan requirements, which required more work than the contract's requirement.

Based on the above facts presented at the bench trial, the circuit court found that respondent substantially completed all of the requirements of the contract. The circuit court ordered that respondent was entitled to a judgment for the funds not paid to it by petitioner in the amount of $75,000, plus applicable interest. It is from this order that petitioner appeals.

## STANDARD OF REVIEW

In this case we are asked to review an order in which the circuit court found that petitioner failed to pay all of its obligations to respondent under the terms of the contract. We note that the circuit court judge viewed the property sites in question in the presence of counsel for both parties, prior to the first day of trial. The proceeding below was a bench trial, consequently, our standard of review is set forth below:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 2, *Timberline Four Seasons Resort Mgmt. Co. v. Herlan*, 223 W.Va. 730, 679 S.E.2d 329 (2009).

In a case tried without the aid of a jury, the circuit court judges the weight of the evidence. It is clear that the burden on petitioner "attempting to show clear error is especially strong when the findings are primarily based upon oral testimony and the circuit court has viewed the demeanor and judged the credibility of the witnesses." *Brown v. Gobble*, 196 W.Va. 559, 565, 474 S.E.2d 489, 495 (1996)(citation omitted).

## DISCUSSION

Petitioner raises two primary issues which will be addressed in this decision. First, petitioner argues that the circuit court erred in not finding that respondent breached the contract during its performance because property slopes were not left at a 2:1 ratio. Petitioner next complains that the circuit court erred in finding that respondent was not guilty of trespass for moving fill from the Crown site to its property after the project shut down.

Giving appropriate deference to its factual findings, this Court finds that the circuit court's account of the evidence in this contract dispute is not clearly erroneous. The record supports the circuit court's finding that respondent substantially complied in all material respects with its obligations under the contract. We concur with the circuit court's ruling that petitioner agreed to amend the contract provision requiring that slopes on the Crown site be left at a 2:1 ratio, when it approved the final site plan. In fact, if the slopes had been left at a 2:1 ratio, petitioner would not have had a sufficient pad to erect the truck terminal.

We also find that the circuit court did not commit error by finding respondent was not guilty of trespass on the property after petitioner shut down the Worley project. As discussed above, Lang was the entity that was charged with all of the excavation on the site. When petitioner gave a cease work order to Worley in April of 2003, it gave no cease work order to respondent. Lang continued excavating the Crown site for respondent pursuant to the contract. Lang also continued working on the subcontract for Worley as a result of an agreement reached to close up the site. The process to close the site required mass excavation of rock to remove impediments to the sheet flow of water to the drainage ditches. The contract between the parties required the installation of the drainage ditches to carry surface water away from the Crown site. Therefore, we find that respondent was not guilty of trespass on the property because it was there to complete work pursuant to the contract.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4